**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SANDRA BATES RAWLING, as the
Personal Representative of the Estate of
Erik Rawling, deceased,

           Plaintiff,

vs.                            Case No. 3:14-cv-1186-J-34MCR

JACKIE CHARLES SPRINKLE, an
individual, FUEL SOUTH EXPRESS, a
foreign for profit Corporation, and HESS
CORPORATION, a foreign for profit
Corporation,

           Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On September 29, 2014, Defendant Hess Corporation (Hess), with the consent of the other Defendants, filed a notice of removal notifying the Court of its intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing that the Court has jurisdiction over this action. See Defendants' Notice of Removal of Action (Doc. 1; Notice) at 1-2, 14. Specifically, Hess asserts that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, in accordance with 28 U.S.C. § 1332, and therefore, the action is removable pursuant to 28 U.S.C. § 1441. See id. at 1. In support of this assertion, Hess declares that "Plaintiff, Sandra Bates Rawling, as the personal representative of the estate of Eri[k] Rawling, is and was a citizen of Florida." Id. at 2. However, upon review, the Court determines that the Notice does not adequately identify Plaintiff's citizenship, and the Amended Complaint (Doc. 2) does not offer sufficient additional information to satisfy the Court's jurisdictional inquiry.

Sandra Bates Rawling filed this lawsuit as the personal representative of the estate of Erik Rawling. See Amended Complaint at 1. When an individual acts in a representative capacity for one who is deceased, that individual is deemed to be a citizen of the state of which the deceased was a citizen at the time of death. Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1562 n.1 (11th Cir. 1994); 28 U.S.C. § 1332(c)(2). Thus, "[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and [he] is deemed to be a citizen of the state in which [he] was domiciled at the time of [his] death." King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007). Neither the Notice of Removal nor the Amended Complaint identifies Erik Rawling's citizenship. See

Notice at 2; Amended Complaint at 2.  Because the Notice fails to allege the citizenship of Erik Rawling at the time of his death, the Court finds that Hess has not alleged the facts necessary to establish the Court's jurisdiction over this case.  In light of the foregoing, the Court will give Hess an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action.[1]  Accordingly, it is

**ORDERED**:

Defendant Hess Corporation shall have until **October 15, 2014**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on October 1, 2014.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[1] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").