**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SANDRA BATES RAWLING, as the
Personal Representative of the Estate of
Erik Rawling, deceased,

                Plaintiff,

vs.                                          Case No. 3:14-cv-1186-J-34MCR

JACKIE CHARLES SPRINKLE, an
individual, FUEL SOUTH EXPRESS, a
foreign for profit Corporation, and HESS
CORPORATION, a foreign for profit
Corporation,

                Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. On September 29, 2014, Defendant Hess Corporation (Hess), with the consent of the other Defendants, filed a notice of removal notifying the Court of its intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing that the Court has diversity jurisdiction over this action. See Defendants' Notice of Removal of Action (Doc. 1; Notice) at 1-2, 14. However, upon review, the Court found that Hess had not sufficiently alleged the citizenship of Plaintiff and directed Hess to provide the Court with additional information so that the Court could determine whether it has jurisdiction over this action. See Order (Doc. 7) at 3, entered October 1, 2014. Specifically, the Court stated that "[w]hen an individual acts in a representative capacity for one who is deceased, that individual is deemed to be a citizen of the state of which the deceased was a citizen at

the time of death." Id. at 2. Thus, to establish the citizenship of Plaintiff, Hess must sufficiently allege the citizenship of Erik Rawling at the time of his death. Id. at 2-3.

On October 3, 2014, Hess filed Hess Corporation's Response to October 1, 2014 Order Requiring Proof of Citizenship of Plaintiff (Doc. 13; Response). In the Response, Hess asserts that Erik Rawling was a resident of Florida and therefore Plaintiff "is deemed to be a citizen of Florida because Erik Rawling was a Florida resident on the date of his death, August 28, 2012." See Response at 1. However, these allegations are insufficient to establish the citizenship of Erik Rawling. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Because the Response discloses only Erik Rawling's residence, rather than his state of citizenship, the Court finds that Hess has not alleged the facts necessary to establish the Court's jurisdiction over this case. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

In light of the foregoing, the Court will give Hess an additional opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over this action. Accordingly, it is

**ORDERED**:

Hess shall have up to and including **October 27, 2014,** to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville Florida, this 14th day of October, 2014.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties